## Trefz's Estate.

*Practice, O. C.—Petition to dismiss appeal from Register—Laches.*

A petition to dismiss an appeal from the decree of the register of wills admitting a will to probate on the ground of the appellant's laches in prosecuting the appeal, must be filed before the case is at issue, or at least before the case has been placed on the audit list for trial.

Petition and answer. O. C. Phila. Co., Oct. T., 1917, No. 34.

On Nov. 30, 1917, a decree was entered granting a citation to show cause why the decree of the Register of Wills should not be set aside and an issue awarded. On March 5, 1918, an answer thereto was filed. On April 4, 1922, a replication was filed. On April 21, 1922, a decree was entered to show cause why the appeal from the Register of Wills should not be dismissed. On May 2, 1922, an answer thereto was filed.

1 D. & C.

Trefz's Estate.

The petition prayed that the appeal be dismissed on the ground of laches, but did not aver that the petitioner had been injured in any way. The answer averred that the respondent had taken the appeal in good faith, and not for delay, and averred that the petitioner had suffered no loss or injury, because the appeal had not been prosecuted more expeditiously, and that she had not been put to any disadvantage by reason of the delay. Respondent also denied that he had been guilty of laches, because he had repeatedly requested his attorney to have the case disposed of.

*William R. Nugent* and *Henry A. Craig*, for petitioner.

*Michael J. O'Callaghan*, for respondent.

Per Curiam, May 18, 1922.—After the appeal from the Register was actually at issue, the respondent filed a petition for a citation, directed to the petitioner, to show cause why the appeal should not be dismissed on the ground of laches in failing to prosecute. In the meantime, the case being at issue was, in accordance with our practice, placed on an audit list for hearing the week beginning May 1st of this year.

In applications of this character we have ruled that the person apparently in default should proceed with due celerity and have entered a decree fixing a time limit. (See Hoopes's Estate, 23 Dist. R. 249; Kris's Estate, 29 Dist. R. 447.)

In the circumstances of the instant case, such decree is unnecessary.

The petition is dismissed.